IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ETTA CEASAR, YOURLUNDA STIFF,
ANTONIO CARTER, SANDRA BANKS,
SEDERICK CLARK, TERRENSKY MOORE,
WILLIAM RICHARDSON, TRINI LEWIS,
DEBORAH WATERS, WILLIS HARALSON,
JAMES BUFORD AND SHIRLEY PAIGE,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED                                              PLAINTIFFS


V.                                                     CIVIL ACTION NO. 3:16-cv-609 LG-RHW

YAZOO COUNTY REGIONAL
CORRECTIONAL FACILITY;
YAZOO COUNTY, MISSISSIPPI;
YAZOO COUNTY BOARD OF SUPERVISORS;
YAZOO COUNTY SHERIFF'S DEPARTMENT;
COBIE COLLINS, IN HIS INDIVIDUAL CAPACITY
AND HIS OFFICIAL CAPACITY AS THE
PRESIDENT OF THE YAZOO COUNTY
BOARD OF SUPERVISORS; AND
JACK SHERIFF IN HIS INDIVIDUAL CAPACITY
AND HIS OFFICIAL CAPACITY
AS THE SHERIFF OF YAZOO COUNTY,
MISSISSIPPI                                                                DEFENDANTS

SECOND AMENDED COMPLAINT
JURY TRIAL DEMANDED

**COME NOW** the Plaintiffs, Etta Ceasar, Yourlunda Stiff, Antonio Carter, Sandra Baxter, Sederick Clark, Terrensky Moore, William Richardson, Trini Lewis and Deborah Waters, Individually and on behalf of all others similarly situated, and files this action to recover damages for violations of their rights under the Fair Labor Standards Act against the Defendants, Yazoo County Regional Correctional Facility, Yazoo County, Mississippi, Yazoo County Board of Supervisors, Yazoo County Sheriff's Department, Cobie Collins,

1

in his individual capacity and his official capacity as the President of the Yazoo County Board of Supervisors, and Jack Sherriff in his individual capacity and his official capacity as the sheriff of Yazoo County, Mississippi.  In support of this cause, the Plaintiffs would show unto the Court the following facts to-wit:

**PARTIES**

1. The Plaintiff, Etta Ceasar, is an adult female resident of Hinds County, Mississippi, residing at 5026 Watkins Drive, Apartment E-1, Jackson, MS 39206.

2. The Plaintiff, Yourlunda Stiff, is an adult female resident of Yazoo County, Mississippi, with an address of P. O. Box 536, Yazoo City, MS 39194.

3. The Plaintiff, Antonio Carter, is an adult male resident of Yazoo County, Mississippi, who resides at 2500 West Clubview Circle, Yazoo City, MS 39194.

4. The Plaintiff, Sandra Banks, is an adult female resident of Yazoo County, Mississippi, residing at 1803 Barnwell Street, Yazoo City, MS 39194.

5. The Plaintiff, Sederick Clark, is an adult male resident of Yazoo County, Mississippi, residing at 254 Magnolia Drive, Yazoo City, MS 39194.

6. The Plaintiff, Terrensky Moore, is an adult male resident of Humphreys County, Mississippi, residing at 506 Lee Street, Belzoni, MS 39038.

7. The Plaintiff, William Richardson, is an adult male resident of Yazoo County, Mississippi, residing at 231 Magnolia Drive, Yazoo City, MS 39194.

8. The Plaintiff, Trini Lewis, is an adult female resident of Yazoo County, Mississippi, residing at 1827 Duncan Street, Yazoo City, MS 39194.

9. The Plaintiff, Deborah Waters, is an adult female resident of Yazoo County, Mississippi, residing at 201 Linda Boulevard, Yazoo City, MS  39194.

10. The Plaintiff, Willie Haralson, is an adult male resident of Yazoo County, Mississippi, residing at 1618 Barnwell Street, Yazoo City, MS 39194.

11. The Plaintiff, James Buford, is an adult male resident of Yazoo County, Mississippi, residing at 1260 Kentwood Cove, Yazoo City, MS 39194.

12. The Plaintiff, Shirley Paige, is an adult female resident of Holmes County, Mississippi, residing at 2874 Epps Road, Tchula, MS 39169.

13. The Plaintiff, Chaz White, is an adult male resident of Yazoo County, Mississippi, residing at 6532 Russelville Road, Bentonia, MS 39040.

14. The Plaintiff, Sharon Cox, is an adult female resident of Yazoo County, Mississippi, residing at 304 West 13th Street, Yazoo City, MS 39194.

15. Defendant, Yazoo County Regional Correctional Facility, may be served with process by serving Jake Sheriff, 211 E. Broadway Street, Yazoo City, MS 39194.

16. Defendant, Yazoo County, Mississippi, may be served with process by at 211 E. Broadway Street, #2, Yazoo City, MS 39194.

17. Defendant, Yazoo County Board of Supervisors, may be served with process at 211 E. Broadway Street, #2, Yazoo City, MS 39194.

18. Defendant, Yazoo County Sheriff's Department, may be served with process through Jake Sheriff, Yazoo County Sheriff, at 211 E. Broadway Street, Yazoo City, MS 39194.

19. Defendant, Cobie Collins, in his individual capacity and his official capacity as the President of the Yazoo County Board of Supervisors, may be served with process at 211 E. Broadway Street, #2, Yazoo City, MS 39194.

20. Defendant, Jack Sheriff, in his individual capacity and his official capacity as the Sheriff of Yazoo County, Mississippi, may be served with process at 211 E. Broadway Street, Yazoo City, MS 39194.

## JURISDICTION AND VENUE

21. This Court has federal question jurisdiction and venue is proper pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF THE FACTS

22. Plaintiffs and all other similarly situated individuals have been employed with Defendants as non-supervisory employees in the past three years.

23. Defendants have not paid Plaintiffs and all other similarly situated individuals all overtime wages owed to them. Specifically, Plaintiffs are required to work 87-1/2 hours per pay period; however, Defendants only compensated Plaintiffs for 84 hours. Defendants require Plaintiffs to work from 6:45 AM to 7:15 PM with no lunch break. Also, Defendants require Plaintiffs on occasion to work additional shifts. For those shifts, Defendants give Plaintiffs "comp time" only at the rate of one hour per hour worked and not at time-and-a-half.

24. In addition, upon information belief, Defendants have adopted a compensatory time policy that is improper under the Fair Labor Standards Act.

25. Compensatory time must accrue at the rate of not less than one and a half hours for each hour of overtime work, just as the monetary rate for overtime is paid at the premium rate of not less than one and a half times the regular rate of pay. 29 U.S.C. § 207(o)(1); 29 C.F.R. § 553.20.

26. However, Defendants' illegal compensatory time policy only gives

employees compensatory time at a rate of one hour for each hour of overtime work.

27. Employees who are engaged in public safety, emergency response, or seasonal activities may not accrue more than 480 hours of compensatory time. 29 U.S.C. § 207(o)(3)(A); 29 C.F.R. § 553.22

28. However, Defendants' illegal compensatory time policy has no limits on how much compensatory time may be given in lieu of overtime wages.

29. Upon separation of employment, the employer must cash out the employee's accrued unused compensatory time earned. 29 U.S.C. § 307(o)(4).

30. However, Defendants have consistently not paid employees for all compensatory time earned upon their separation of employment.

31. The Department of Labor's regulations also require Defendants to keep accurate records of compensatory time that is earned and used by employees. 29 C.F.R. § 553.50.

32. However, Defendants have consistently not kept accurate records regarding compensatory time for Plaintiffs and all others similarly situated, which has caused Plaintiffs and all others similarly situated to not given the proper amount of compensatory and/or overtime wages that are due to them.

## CAUSES OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiffs and other similarly situated individuals were non-exempt employees and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiffs were entitled to overtime pay for all overtime hours worked.

34. The Fair Labor Standards Act requires that employees be paid an

overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week.  29 U.S.C. § 207(a).

35. Plaintiffs and other similarly situated employees have not been paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

36. Plaintiffs and other similarly situated employees have not been paid minimum wage for every week that they worked for Defendants.

37. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined by the jury:

1. Overtime wages;
2. Liquidated Damages;
3. Attorney fees;
4. Costs and expenses; and
5. Any other relief to which they may be properly entitled.

THIS the 2nd day of February 2017.

        Respectfully submitted,

        s/Nick Norris
        Nick Norris (MB#101574)
        Attorneys for Plaintiffs

OF COUNSEL:

WATSON & NORRIS, PLLC
18880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone:   (601) 968-0000
Facsimile:    (601) 968-0010
Email: nick@watsonnorris.com

## **CERTIFICATE OF SERVICE**

I, NICK NORRIS, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to the following counsel of record:

Wiley J. Barbour, Jr.
HENRY, BARBOUR, DeCELL
AND BRIDGFORTH
P.O. Box 1569
Yazoo City, Mississippi 39194
662-746-2134 (Office)
662-746-2167 (Fax)
jbarbour@hbdblaw.com

SO CERTIFIED, this the 2nd day of February 2017.

                                              s/Nick Norris
                                              NICK NORRIS